UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 16-CR-0285 (PJS/LIB) |
| Plaintiff, | |
| | ORDER |
| v. | |
| ELFRED WILLIAM PETRUK, | |
| Defendant. | |

Thomas M. Hollenhorst, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Andrew S. Garvis, KOCH & GARVIS, LLC, for defendant.

Defendant Elfred William Petruk has been charged with conspiring to distribute methamphetamine and possessing with intent to distribute methamphetamine. ECF No. 11. He has moved to suppress evidence that the government obtained as a result of (1) the government's installation of GPS tracking devices on three vehicles in September 2016; (2) the government's search of one of those vehicles (a black Chrysler 300) on September 20, 2016; and (3) the government's related search of his person on September 20, 2016. ECF No. 28.

This matter is before the Court on Petruk's objection to the February 15, 2017 Report and Recommendation ("R&R") of Magistrate Judge Leo I. Brisbois. Judge Brisbois recommends denying Petruk's motion to suppress. ECF No. 45. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). Based

on that review, the Court overrules Petruk's objection, adopts Judge Brisbois's thorough R&R, and denies Petruk's motion to suppress. Only three matters merit comment.

*First*, Petruk argues that the government's installation of GPS tracking devices on the three vehicles was unsupported by probable cause because the magistrates who authorized these searches did so on the basis of the statements of confidential informants whose "veracity and basis of knowledge was not sufficiently corroborated." ECF No. 46 at 2. The Court disagrees, keeping in mind that a magistrate's probable cause determination is entitled to "great deference" and that a search conducted pursuant to a warrant issued by a magistrate is valid as long as "the magistrate had a 'substantial basis for . . . conclud[ing]' that probable cause existed." *United States v. Caswell*, 436 F.3d 894, 897 (8th Cir. 2006) (quoting *Illinois v. Gates*, 462 U.S. 213, 238-39 (1983)).

To be sure, "'an informant's veracity, reliability and basis of knowledge are all highly relevant' in determining whether probable cause exists," but these factors are "not entirely separate and independent requirements to be rigidly exacted in every case." *United States v. Stevens*, 530 F.3d 714, 718 (8th Cir. 2008) (quoting *Gates*, 462 U.S. at 230). Instead, probable cause must be evaluated in light of the "'totality of the circumstances' [that were] . . . known to the magistrate." *Massachusetts v. Upton*, 466 U.S. 727, 728 (1984) (per curiam). More to the point, the "statements of a reliable

confidential informant are themselves sufficient to support probable cause for a search warrant." *United States v. Hart*, 544 F.3d 911, 914 (8th Cir. 2008) (citation omitted). And an informant's reliability can be inferred from the fact that (1) the informant has previously provided information leading to arrests, convictions, or "seizures of contraband," *United States v. Gabrio*, 295 F.3d 880, 883 (8th Cir. 2002); or (2) the informant's tip has been "at least partly corroborated" by independent sources, *Caswell*, 436 F.3d at 898 (citation omitted).

Both indicia of reliability are present here. To begin with, not just one, but *four* informants reported that Petruk was selling large quantities of methamphetamine in the Duluth area. All four informants had a "track record" of reliability, having previously provided accurate information that led to multiple seizures of illegal drugs and the arrest of over a dozen drug dealers. *Gabrio*, 295 F.3d at 883. In addition, the informants' tips were "partly corroborated" by the police's own observations. *Caswell*, 436 F.3d at 898. Three of the four informants stated that Petruk used a dark-colored Chrysler 300, which the police corroborated when they stopped Petruk in a black Chrysler 300 in July 2016. Another informant stated that Petruk used multiple vehicles, which the police verified when they saw Petruk driving a teal Chevrolet Camaro in August 2016 and September 2016—tailed in both instances by a driver in a gray Chevrolet pickup who appeared to be conducting counter surveillance. Based on these

facts, the magistrates who authorized the GPS tracking of these vehicles had a

substantial basis for concluding that there was a fair probability that Petruk was

transporting illegal drugs in one or all of these vehicles, and thus, that installation of the

GPS tracking devices might uncover evidence of illegal activity.

*Second*, Petruk argues that the government lacked probable cause to search the

black Chrysler 300 that he was driving on September 20, 2016, because the warrant

application did not adequately link the Chrysler 300 to drug trafficking.[1]  *See* ECF

No. 46 at 9-13.  Again, the Court disagrees.

It is true that the warrant application does not cite GPS tracking information for

the Chrysler 300.  It is also true that the police did not personally see Petruk put any

illegal drugs into the Chrysler 300.  But "[d]irect evidence that contraband or evidence

is at a particular location is not essential to establish probable cause to search the

location."  *United States v. Henson*, 123 F.3d 1226, 1238 (9th Cir. 1997) (citation omitted).

Instead, issuing judges may "draw reasonable inferences about where evidence is likely

to be kept, based on the nature of the evidence and the type of offense."  *Caswell*, 436

F.3d at 899 (citation omitted).  So, for example, discovery of a loaded pistol and "a small

quantity of methamphetamine" in a defendant's *car* can provide a substantial basis for

---

[1]Petruk also argues that the magistrate relied on stale information in issuing this
search warrant.  *See* ECF No. 46 at 8-9.  The Court disagrees for the reasons explained by
Judge Brisbois in his R&R.  *See* ECF No. 45 at 33-37.

authorizing a search of the defendant's *home* when a detective attests "that, in his

experience, other narcotics would likely be found at the residence." *Id.* at 898-99.

A similar inference can be made here. Four reliable informants told the police

that Petruk was distributing large quantities of methamphetamine in the Duluth area.

Three of these four informants noted that Petruk's primary vehicle was a dark-colored

Chrysler 300. And one informant told the police that Petruk traveled from the Duluth

area to the Twin Cities twice a week to replenish his supply of methamphetamine—

information that the police partly corroborated when they tracked Petruk driving back

and forth between the Duluth area and the Twin Cities on September 8, 9, and 14, 2016.

Police observed that, during these trips, Petruk did not return to Duluth by the fastest

and most direct route (that is, via Interstate 35), but instead used slower, less-traveled,

rural roads, making stops along the way at the homes of known users and dealers of

methamphetamine.

Of course, all four informants could have been lying. Petruk could have just

been visiting his aunt in the Twin Cities, as he suggests in his brief. And he could have

taken a roundabout way back to Duluth because he wanted to enjoy the scenery. But

probable cause does not require the government to disprove every conceivable innocent

explanation for a suspect's behavior. Probable cause only requires a showing of "a fair

probability that contraband or evidence of a crime will be found in a particular place."
*United States v. Grubbs*, 547 U.S. 90, 95 (2006) (citation omitted).

That is what we have here. According to multiple reliable informants, Petruk was an active methamphetamine dealer who was regularly using a Chrysler 300 and who was transporting large quantities of methamphetamine from the Twin Cities to the Duluth area. Under these circumstances, there was a fair probability that illegal drugs or evidence of illegal activity would be found in the Chrysler 300. At the very least, these allegations would have given the magistrate a substantial basis for concluding that probable cause existed to search the Chrysler 300. The search warrant was thus properly issued.

*Third*, Petruk argues that the search and seizure of his person in connection with the September 20 search of the Chrysler 300 was illegal, mainly because the search warrant for the Chrysler 300 did not also authorize a search of his person, and "law enforcement had no information that Mr. Petruk possessed controlled substances or illegal weapons." ECF No. 46 at 17. The Court need not address this issue, however, as "the police did not obtain any incriminating evidence in connection with [Petruk's] arrest." ECF No. 44 at 9; *see also* ECF No. 45 at 44 n.12 ("[T]he Government represented at the motions hearing that the *Terry* pat down search of [Petruk] did not result in the discovery of any evidence."). The issue is therefore moot. *Compare United States v.*

*Walker*, 111 F.3d 136 n.2 (8th Cir. 1997) (unpublished table decision) (stating that the

defendant's "motion to suppress physical evidence [wa]s moot as the challenged

physical evidence was not introduced at trial"), *with United v. Mitchell*,

No. 08-CR-46-LRR, 2009 WL 36605, at *2 (N.D. Iowa Jan. 5, 2009) (noting that it is

"common practice" to deny a motion to suppress when the government "agrees not to

offer evidence which is the subject of the motion to suppress").

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

the Court OVERRULES defendant's objection [ECF No. 46] and ADOPTS the R&R [ECF

No. 45]. IT IS HEREBY ORDERED THAT defendant's motion to suppress [ECF No. 28]

is DENIED as follows:

1.    To the extent that the motion seeks to suppress evidence obtained as a
      result of the search and seizure of defendant's person on September 20,
      2016, the motion is DENIED AS MOOT; and

2.    In all other respects, the motion is DENIED.

Dated: April 20, 2017                     s/Patrick J. Schiltz
                                          Patrick J. Schiltz
                                          United States District Judge