UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

      Plaintiff,

  v.

Elfred William Petruk,

      Defendant.

MEMORANDUM OPINION
AND ORDER
Criminal No. 16-285 ADM/LIB

_____

Elfred William Petruk, pro se.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Elfred William Petruk's ("Petruk") Motion for Reduction in Sentence/Concurrent Sentence [Docket No. 244]. Petruk seeks a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). For the reasons stated below, the Motion is denied.

## II. BACKGROUND

On September 20, 2016, police arrested Petruk in North Branch, Minnesota, and seized over 800 grams of methamphetamine from the engine compartment of his Chrysler 300 vehicle. At the time of his arrest, Petruk was on supervised release for a prior federal conviction for corruptly attempting to obstruct an official proceeding. See United States v. Petruk, Criminal No. 13-165 SRN/LIB (D. Minn.).

In October 2016, Petruk was charged by Indictment with one count of conspiracy to distribute 500 grams or more of a methamphetamine (Count 1) and one count of possession with intent to distribute 500 grams or more of methamphetamine (Count 2), in violation of § 841(a)(1)

and (b)(1)(A).  Indictment [Docket No. 11].  On June 12, 2017, after a four-day jury trial, Petruk was found guilty.  Verdict [Docket No. 121].

Petruk was sentenced on December 13, 2017.  Min. Entry [Docket No. 171].  At the sentencing hearing, the Court determined Petruk was a career criminal based on a prior conviction for fifth-degree felony assault in Minnesota and a prior federal felony drug conviction.  Sentencing Tr. [Docket No. 179] at 65-66, 71, 75.  Testimony and exhibits offered by the Government established that Petruk had attempted to solicit false testimony and statements before and after trial.  Id. at 4-54.

The Court calculated Petruk's total offense level by starting with a base offense level of 34 and applying a two-point enhancement for obstruction of justice, a two-point enhancement for possession of a firearm in connection with a drug trafficking offense, and a two-point enhancement for Petruk's leadership role in the drug trafficking conspiracy.  Sentencing Tr. at 70-72; U.S.S.G. §§ 3C1.1, 2D1.1(b)(1), 3B1.1(c).  Petruk's total offense level of 40 and his Category VI criminal history resulted in a sentencing guidelines range of 360 months to life.  Sentencing Tr. at 72-74.  The Court sentenced Petruk to concurrent terms of 372 months on Counts 1 and 2, and a consecutive 30-month term for his supervised release violation.  Sentencing J. [Docket No. 172] at 2; Sentencing J. [Criminal No. 13-165, Docket No. 223] at 2.

Petruk's conviction and sentence were affirmed by the Eighth Circuit.  See United States v. Petruk, 929 F.2d 952 (8th Cir. 2019).  The Supreme Court denied Petruk's petition for a writ of certiorari in November 2019.  See Notice S. Ct. [Docket No. 193].

In September 2020, Petruk filed a motion under 28 U.S.C. § 2255 seeking to vacate his conviction and sentence.  Petruk asserted 47 claims alleging ineffective assistance of counsel, procedural and substantive errors, sentencing errors, and misconduct by the Government.  This

2

Court denied the § 2255 Motion, and the Eighth Circuit declined to issue a certificate of appealability.  See United States v. Petruk, No. 16-285, 2021 WL 766699 (D. Minn. Feb. 26, 2021) (denying § 2255 motion); Petruk v. United States, No. 21-1681, 2021 WL 4272832 (8th Cir. June 21, 2021) (denying application for certificate of appealability).

Petruk is currently serving his sentence at McDowell Federal Correctional Institution in Welch, West Virginia.  See Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (last visited July 18, 2024).  His projected release date is May 31, 2045.  He has served less than one third of his sentence.

Petruk, age 45, now moves for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).  He argues that a sentence reduction is warranted based on childhood trauma, substance abuse, mental illness, reduced mental capacity, ineffective assistance of counsel, disparity in sentencing, and his efforts towards rehabilitation.  Mot. at 2-13.  In supplemental filings [Docket Nos. 249, 250], Petruk also argues that the Court committed sentencing errors by classifying him as a career offender under the sentencing guidelines and by applying sentencing enhancements for his possession of a firearm, leadership role, and obstruction of justice.  Petruk requests that the Court appoint counsel to assist him with his § 3582(c) motion.  See Docket No. 249 at 1, 3.

### III.  DISCUSSION

Generally, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c).  One of the few exceptions to this general rule is the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A). Under this provision, a court may reduce a term of imprisonment if, "after considering the factors set forth in section 3553(a)," the court finds that "extraordinary and compelling reasons" warrant a sentence reduction, "and that such a reduction

3

is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Petruk argues that extraordinary and compelling reasons justify reducing his sentence because he has a history of childhood trauma, suffers from substance abuse disorder, has been diagnosed with Depression and Attention-Deficit/Hyperactivity Disorder, and was acting in a diminished capacity at the time of his offenses. These circumstances do not warrant a sentence reduction because the Court was aware of and considered Petruk's difficult personal history, substance abuse, and mental health diagnoses at the time he was sentenced. See Presentence Investigation Report [Docket No. 152] ¶¶ 104-05, 112-17; Mem. Supp. Mot. Variance [Docket No. 166] at 2-3.

Petruk further argues that he has made substantial efforts toward rehabilitation by taking educational courses offered by the Bureau of Prisons, participating in non-residential drug treatment, and working for three years in Unicor. The skills and knowledge that Petruk is acquiring should improve the quality of his time in custody and will hopefully assist him in a productive and law-abiding life upon release. Although Petruk's efforts toward rehabilitation are commendable, they do not warrant a reduction in his sentence.

Petruk also claims that he received a disproportionately long sentence. He argues that defendants in other cases that were "brought to [his] attention" received lower sentences for the same offenses. Mot. at 12. Petruk does not specify whether the defendants in those cases possessed similar criminal histories or whether their conduct warranted the same sentencing enhancements that were applied to Petruk's sentence.

Petruk's within-guidelines sentence is not disproportionately long. The sentence properly reflects the seriousness of his offenses and the need to promote respect for the law and deter

4

Petruk from future criminal conduct.  18 U.S.C. § 3553(a).  No changes in the law have occurred that would result in a gross disparity between the sentence Petruk is serving and the sentence he would receive were he sentenced today.

Petruk also raises several challenges to the constitutionality and legality of his sentence. Specifically, Petruk contends that he received ineffective assistance of counsel; that the Court erred by categorizing him as a career offender; that the Court wrongly applied sentencing enhancements for his leadership role, possession of a firearm, and obstruction of justice; and that the Court should have ordered that his sentence for his supervised release violation be served concurrently rather than consecutively.

A motion under § 3582(c)(1)(A) is not the proper method for raising these challenges to the validity of Petruk's sentence.  "A federal inmate generally must challenge a sentence through a § 2255 motion, . . . and a post-judgment motion that fits the description of a motion to vacate, set aside, or correct a sentence should be treated as a § 2255 motion."  United States v. Fine, 982 F.3d 1117, 1118 (8th Cir. 2020).  Petruk previously filed an unsuccessful § 2255 motion in this case, and he has not sought authorization from the Eighth Circuit to file a successive motion as required by 28 U.S.C. § 2255(h).  See Mem. Op. Order [Docket No. 224] (denying Petruk's § 2255 Motion).[1]  Petruk "cannot avoid the restrictions of the post-conviction relief statute by resorting to a request for compassionate release instead."  United States v. Crandall, 25 F.4th 582, 586 (8th Cir. 2022).  Accordingly, Petruk's attempt to challenge the validity of his sentence must be denied as "an unauthorized successive motion to vacate, set aside, or correct a sentence." Fine, 982 F.3d at 1119.

---

[1] Petruk's § 2255 Motion included dozens of claims of ineffective assistance of counsel as well as unsuccessful challenges to his career offender status, sentencing enhancements, and consecutive nature of his sentences.  See id. at 5-20.

For all of the above reasons, Petruk's motion for a sentence reduction under § 3582(c)(1)(A) is denied. Petruk's request for appointment of counsel is also denied. A defendant does not have a Sixth Amendment right to counsel in a § 3582(c) proceeding. United States v. Brown, 565 F.3d 1093, 1094 (8th Cir. 2009). The Court declines to appoint counsel given the straightforward nature of the issues involved in Petruk's § 3582(c) proceeding.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Elfred William Petruk's Motion for Reduction in Sentence/Concurrent Sentence [Docket No. 244] is **DENIED;** and

2. Petruk's request for Appointment of Counsel [Docket No. 249] is **DENIED AS MOOT.**

BY THE COURT:

Dated: July 23, 2024

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT